(77 South. 512)

No. 22543.

MULQUEENY v. NEW ORLEANS RY. &
ELECTRIC LIGHT CO.

(Jan. 3, 1918.)

*(Syllabus by the Court.)*

STREET RAILROADS ⬤⟿114(7) — PERSONAL
INJURIES—SUFFICIENCY OF EVIDENCE.

Only a question of fact is involved in this
case.

O'Niell, J., dissenting.

Appeal from Civil District Court, Parish of
Orleans; Porter Parker, Judge.

Action by Patrick W. Mulqueeny against
the New Orleans Railway & Electric Light
Company. Judgment for defendant, and
plaintiff appeals. Affirmed.

Armand Romain, of New Orleans, for ap-
pellant. Dart, Kernan & Dart, of New Or-
leans, for appellee.

SOMMERVILLE, J. Plaintiff, aged 69, al-
leges that while returning from work, about
11 o'clock at night, he was about to board a
Villere Street car, and that he was knocked
down and injured by a Peters Avenue car,
both cars being operated by defendant com-
pany in New Orleans, all through fault and
neglect on the part of defendant. He asks
for $10,000 damages.

There was judgment for defendant, and
plaintiff has appealed.

Plaintiff is the sole witness who testified on
his behalf. Five witnesses, who were in the
employ of defendant at the time of the acci-
dent, testified on behalf of defendant. Three
of these witnesses were not employed by de-
fendant at the time of the trial.

As the accident happened in Canal street
near the river, at a late hour of the night, it
is not surprising that there were no other
witnesses.

Plaintiff testified very positively that he
was in the act of boarding a Villere Street
car which had come from the direction of the
river, and that it was at a standstill at the
time, when he was run into and injured by a
Peters Avenue car on the adjoining track,
which was going towards the river.

Defendants' witnesses all testified that
plaintiff was not attempting to board the Vil-
lere Street car at the time; that that car
was standing on a switch some 25 feet dis-
tant, waiting for plaintiff to get out of its
way; that plaintiff was actually backing
away from the track on which that car was
to run; and that he backed into the fender
of the Peters Avenue car, which was moving
slowly on the adjoining and parallel track be-
hind him.

The motorman of the Peters Avenue car
says that he saw plaintiff, who was facing
the Villere Street car; that he sounded his
gong, but that plaintiff suddenly backed
towards his car; and that there was no time
in which to stop his car to avoid the accident.

The testimony is most conflicting, with the
preponderance in favor of defendant.

Judgment affirmed.

O'NIELL, J., dissents from the conclusion
of fact.